UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIUS VASHON TOLBERT,

    Plaintiff,

v.                                                Case No. 8:19-cv-754-T-60AAS

PATRICK SCRUGGS, et al.,

    Defendants.
_____/

**ORDER DENYING AS MOOT "DEFENDANT PATRICK SCRUGGS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW;" AND**

**ORDER GRANTING "DEFENDANT PATRICK SCRUGGS' RENEWED MOTION TO DISMISS WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant Patrick Scruggs' Motion to Dismiss Complaint with Prejudice and Supporting Memorandum of Law," filed by counsel on June 26, 2019. (Doc. # 6). On September 20, 2019, Mr. Scruggs filed "Defendant Patrick Scruggs' Renewed Motion to Dismiss with Prejudice and Supporting Memorandum of Law." (Doc. # 18). Plaintiff Darius Vashon Tolbert did not file a response to either motion. After reviewing the motions, court file, and the record, the Court finds as follows:

Because Mr. Scruggs filed a renewed motion to dismiss on September 20, 2019, the Court denies his June 26, 2019, motion as moot. This Order substantively addresses only the September 20, 2019, motion to dismiss.

## Background

Mr. Tolbert was criminally prosecuted for stealing Social Security benefits checks by the United States Attorney's Office for the Middle District of Florida in the case styled *United States v. Tolbert*, Case No. 8:16-cr-145-T-23EAJ (M.D. Fla). Defendant Patrick Scruggs served as lead counsel in the prosecution. Defendant Benjamin Stetschulte represented Mr. Tolbert in the criminal case.

On August 11, 2016, a jury convicted Mr. Tolbert of theft of government property (more than one thousand dollars) (a violation of 18 U.S.C. § 641) and theft or receipt of stolen mail matter (a violation of 18 U.S.C. § 1708). In May 2017, Mr. Tolbert was sentenced to fifty-two months imprisonment. The Eleventh Circuit affirmed Mr. Tolbert's convictions and sentences, issuing its mandate on May 30, 2018. It appears that Mr. Tolbert engaged in a number of unsuccessful challenges to his convictions both during and after his direct appeal.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

As Mr. Tolbert is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). While the Court typically provides a *pro se* plaintiff with at least one opportunity to amend his complaint where the issues presented are procedural or drafting errors, the Court may dismiss a *pro se* plaintiff's claim with prejudice "where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F.App'x 783, 786 (11th Cir. 2015); *see In re Kachkar*, 769 F.App'x 673, 682 (11th Cir. 2019).

## Analysis

The Court initially notes that the allegations of Mr. Tolbert's complaint are largely incoherent but appear to challenge his convictions and sentences in various ways. Mr. Tolbert sets forth a textbook example of a shotgun pleading where (1) it is unclear what act or omission each Defendant is alleged to have committed and (2) he includes several claims for relief within each numbered count. *See Weiland v. Palm*

*Beach County Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015); *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018).

At this time, the Court focuses only on claims against Mr. Scruggs. The Court has thoroughly reviewed the complaint and the following allegations appear to be directed toward Mr. Scruggs:

> The United States lacked standing and jurisdiction to prosecute Mr. Tolbert for alleged violations of criminal law;
>
> The indictment fails to express a present case or controversy under Article III;
>
> Mr. Scruggs is holding the grand jury records, which creates a presumption that the records were tampered with;
>
> Mr. Scruggs engaged in prosecutorial misconduct throughout the criminal case, including hiding exculpatory evidence[1] and repeating perjured testimony;
>
> Mr. Tolbert's counsel was selected by Mr. Scruggs rather than the judge;
>
> Mr. Scruggs and Mr. Stetschulte had an underhanded agreement that Mr. Stetschulte would not challenge the fingerprint card, and Mr. Scruggs would not say anything about Mr. Tolbert's two prior charges;
>
> Mr. Scruggs withheld information from the grand jury; and
>
> Mr. Scruggs "knowingly and willingly presented materially false or missing evidence in information or indictment promulgated before … the Middle District," violating Mr. Tolbert's right to a fair trial.

---

[1] The alleged exculpatory evidence appears to include: fingerprint evidence from other checks; a fingerprint comparison report from the AFIS database; and checks that were found with Alphonso Guice's fingerprints. Mr. Tolbert also alleges that only four checks were disclosed in discovery, but five more were added on the day of trial.

Normally, the Court would dismiss the complaint without prejudice as a shotgun pleading and grant Mr. Tolbert the opportunity to file an amended complaint. However, the Court declines to do so here because any amended claims against Mr. Scruggs would be futile due to Mr. Scruggs' absolute immunity.

*Absolute Immunity*

In his motion, Mr. Scruggs argues that he is entitled to absolute immunity from any cause of action that might accrue from the conduct that is alleged. The Court agrees. The United States Supreme Court has explained that "the immunity that the law grants prosecutors is absolute" with respect to all actions taken while advocating for the government. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence." *Id.* (internal citation omitted).

In this case, each of the challenged actions was performed by Mr. Scruggs when he was serving as an officer of the Court and advocate for the government during judicial proceedings. Therefore, even if Mr. Scruggs violated Mr. Tolbert's rights through the use of allegedly illegitimate fingerprint evidence in the criminal case, or because of some underhanded agreement between Mr. Scruggs and defense counsel concerning objections to that evidence, Mr. Scruggs – as the prosecutor – is entitled to immunity for all actions taken as an advocate for the government in the criminal prosecution. *See id.* at 1279-80 (holding that "even if [the prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute

immunity from liability for doing so"). Consequently, the Court concludes that Mr. Scruggs' motion to dismiss is due to be granted because he is entitled to absolute immunity from civil suit for any alleged actions that occurred during the judicial proceedings of Mr. Tolbert's criminal case. *See Imbler*, 424 U.S. at 430; *Wright v. Pearson*, 747 Fed. App'x 812, 814 (11th Cir. 2018) (recognizing that "a case is due to be dismissed for failure to state a claim when immunity is an obvious bar given the allegations in the complaint").

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Patrick Scruggs' Motion to Dismiss Complaint with Prejudice and Supporting Memorandum of Law" (Doc. # 6) is **DENIED AS MOOT**.

2. "Defendant Patrick Scruggs' Renewed Motion to Dismiss with Prejudice and Supporting Memorandum of Law" (Doc. # 18) is hereby **GRANTED**.

3. This case is therefore **DISMISSED WITH PREJUDICE** as to Defendant Patrick Scruggs.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 17th day of October, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**